UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUN SMITH,

                          Plaintiff,

          -against-

MUNICIPALITY OF THE CITY, et al.,

                          Defendants.

---

25-CV-2497 (JGK)

ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

Plaintiff, who is currently detained at the North Infirmary Command (NIC), brings this

*pro se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to a

serious risk of harm to him. Plaintiff brings this suit against the City of New York (sued as

"Municipality of The City"), the Warden and Deputy Warden of the North Infirmary Command

(NIC), and five John Doe and three Jane Doe Correction Officers at NIC. By order dated April

22, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without

prepayment of fees,[1]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis. See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject

matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

### A.    John and Jane Doe Defendants

A pretrial detainee's Section 1983 claims for deliberate indifference to a serious risk of

harm arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*,

849 F.3d 17, 29 (2d Cir. 2017). To state such a claim, a plaintiff must satisfy two elements: (1) an

"objective" element, which requires a showing that the challenged conditions are sufficiently

serious, and (2) a "mental" element, which requires a showing that a correction official acted

with at least deliberate indifference to the challenged conditions. *Id.*

For the first element, a pretrial detainee "must show that the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker*

*v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974,

978 (2d Cir. 1972)). "[P]rison officials violate the Constitution when they deprive an inmate of

his basic human needs such as food, clothing, medical care, and safe and sanitary living

conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

For the *mens rea* element, a pretrial detainee must allege "that the defendant-official

acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable

care to mitigate the risk that the condition posed to the pretrial detainee even though the

defendant-official knew, or should have known, that the condition posed an excessive risk to

health or safety." *Darnell*, 849 F.3d at 35. Negligence on the part of a correction official is not a

basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v.*

*Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

2

Here, Plaintiff's complaint could be liberally construed as alleging that some or all of the John and Jane Doe correction officials were supervising NIC 5 North dorm on March 1, 2025, when another person in custody assaulted Plaintiff. Plaintiff does not allege any facts suggesting that the John or Jane Doe defendants knew, or were in a position to know, of a serious risk to Plaintiff's physical safety. Plaintiff's allegations are therefore insufficient to allege that the John or Jane Doe defendants were deliberately indifferent to a serious risk of harm to him. The Court therefore dismisses Plaintiff's claims against the John or Jane Doe defendants, without prejudice to Plaintiff's repleading these claims in any amended complaint that he may file, consistent with Rule 15 of the Federal Rules of Civil Procedure.

**B.     Claims against detainees**

In the caption of the complaint, Plaintiff names as defendants "known & unknown Detainees inmates." (ECF 1 at 1.) Plaintiff does not explicitly mention these defendants in the body of the complaint or allege facts about what these defendants did or failed to do. It is possible that Plaintiff intended to assert state law claims against the individual who allegedly assaulted him, among others. Plaintiff states that he "intentionally did not place the name of the attacker in this action due to fear of retaliation . . . ." (*Id.* at 5.)

Plaintiff also does not allege facts in the body of the complaint that would allow the New York City Department of Correction (DOC) to identify these defendants. Because the allegations of the complaint are insufficient to state a claim against "known & unknown Detainees inmates," or to direct the DOC to identify these defendants, the Court dismisses the claims against these defendants, without prejudice to Plaintiff's repleading these claims in any amended complaint that he may file, consistent with Rule 15.

**C.    Service on the City of New York, and NIC Warden and Deputy Warden**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York, the NIC Warden, and the NIC Deputy Warden waive service of summons.

**D.    Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## CONCLUSION

The Court dismisses Plaintiff's claims against John Does #1-5, Jane Does #1-3, and "known & unknown Detainees inmates," without prejudice to Plaintiff's repleading these claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City DOC and the New York City Law Department of this order. The Court requests that Defendants City of New York, NIC Warden, and NIC Deputy Warden waive service of summons. The Clerk of Court is further directed to mail an information package to Plaintiff.

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:

New York, New York

4/23/25

_____
JOHN G. KOELTL
United States District Judge