```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
---
SHAUN SMITH,

                Plaintiff,

    - against -

MUNICIPALITY OF THE CITY, ET AL.,

                Defendants.

---

25-cv-2497 (JGK)

ORDER

JOHN G. KOELTL, District Judge:

    The pro se plaintiff has filed a letter, received on June 4, 2025, requesting a status update. ECF No. 15. The plaintiff has additionally filed "Amended Complaint #1," received on June 4, 2025 (ECF No. 17), which appears to be the same amended complaint received May 20, 2025 (ECF No. 12), other than one clarification on page 5, as explained in the plaintiff's letter of clarification, received on June 4, 2025 (ECF No. 16). The plaintiff has also attached to "Amended Complaint #1" the declaration of Bennie Gibson (ECF No. 18), which appears to be the same declaration received on May 20, 2025 (ECF No. 13). The Court will accept ECF No. 17 ("Amended Complaint #1, received on June 4, 2025) as the operative complaint.

    The plaintiff also states that he "did not waive service in this matter nor should anyone do so." ECF No. 15. To clarify, the Court has not directed the plaintiff to "waive service." Rather, by Order dated May 28, 2025, the Court requested that

the named defendants--City of New York, NIC Warden Joanne Matos, NIC Deputy Warden Christa Black, Commissioner Maginley-Liddie, and Correction Officer Williams--waive service of summonses. ECF No. 14 at 3-4. If these defendants execute a waiver of the service of a summons in this action, the defendants will essentially be agreeing to accept service while sparing the plaintiff the expense of serving a summons and complaint on the defendants. A copy of the Court's May 28, 2025 Order is attached to this Order.

The Clerk is directed to mail a copy of this Order to the pro se plaintiff and to note mailing on the docket.

**SO ORDERED.**

Dated:   New York, New York
         June 6, 2025

                                    _____
                                            John G. Koeltl
                                    **United States District Judge**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUN SMITH,

                 Plaintiff,

    - against -

MUNICIPALITY OF THE CITY, ET AL.,

                 Defendants.

25-cv-2497 (JGK)

VALENTIN ORDER &
ORDER OF SERVICE

---

JOHN G. KOELTL, District Judge:

    The plaintiff, who is currently a pretrial detainee at the North Infirmary Command (NIC), brought this pro se action under 42 U.S.C. § 1983 against the City of New York (sued as "Municipality of the City"), the Warden and Deputy Warden of NIC, various John Doe and Jane Doe Correction Officers at NIC, and "known & unknown Detainees inmates." ECF No. 1. The complaint alleged that the defendants were deliberately indifferent to a serious risk of harm to the plaintiff. By Order dated April 22, 2025, the Court granted the plaintiff's request to proceed in forma pauperis, that is, without prepayment of fees.[1] ECF No. 8.

    By Order dated April 23, 2025, the Court requested that the City and NIC Warden and Deputy Warden waive service of the summons and complaint, and dismissed without prejudice the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis. See 28 U.S.C. § 1915(b)(1).

plaintiff's claims against the John and Jane Doe defendants and "known & unknown Detainees inmates." ECF No. 9. On May 7, 2025, the Department of Correction declined to waive service of the summons and complaint. ECF No. 11.

The plaintiff has filed an amended complaint, received May 20, 2025. ECF No. 12. The amended complaint brings claims pursuant to § 1983 for deliberate indifference against the City of New York; Joanne Matos, the Warden of NIC; Christa Black, the Deputy Warden of NIC; New York City Department of Correction Commissioner Lynelle Maginley-Liddie; "Officer Corrections working A post area 5th floor #1, #2"; and Correction Officer Williams ("Correction Officer in 5 North day [of] incident").

## DISCUSSION

### A.  Unnamed Defendant

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). The amended complaint supplies sufficient information to permit the New York City Department of Correction ("DOC") to identify the unnamed "Officer Corrections working A post area 5th floor #1, #2" on the day of the alleged March 1, 2025 assault at NIC. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of DOC, ascertain the identify of that unidentified defendant whom the plaintiff seeks to sue in this case and the

2

address where that defendant may be served. If the "Officer Corrections working A post area 5th floor #1, #2" defendant is a current or former DOC employee, the Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the defendant is not a current or former DOC employee, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served. The Law Department must provide this information to the plaintiff and the Court within sixty (60) days of the date of this Order.

Upon receipt of this information, the Court will deem the complaint amended as to "Officer Corrections working A post area 5th floor #1, #2" and will issue an order of service with respect to that defendant.

**B.    Service on the City, NIC Warden, NIC Deputy Warden, Commissioner Maginley-Liddie, and Correction Officer Williams**

The Clerk of Court is directed to notify electronically the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that defendants City of New York, NIC Warden Joanne Matos, NIC Deputy Warden Christa Black, Commissioner Maginley-Liddie, and Correction Officer Williams waive service of summonses and that the New

3

York City Law Department respond as directed in the Valentin order.

## C. Local Civil Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, the defendants must serve responses to these standard discovery requests. In their responses, the defendants must quote each request verbatim.[2]

### CONCLUSION

The Clerk of Court is directed to notify electronically the New York City DOC and the New York City Law Department of this Order. The Court requests that defendants City of New York, NIC Warden, and NIC Deputy Warden waive service of summonses. The Clerk of Court is further directed to mail an information package to the plaintiff.

---

[2] If the plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, the plaintiff may request them from the Pro Se Intake Unit.

4

Local Civil Rule 33.2 applies to this action.

SO ORDERED.

Dated:   New York, New York
         May 27, 2025

                                    _____
                                         John G. Koeltl
                                    United States District Judge

5