*Revised April 18, 2024*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

SHAUN SMITH

                   Plainiff(s),

      -against-

MUNICIPALITY OF THE CITY ET AL.,

                  Defendant(s).

----------------------------------------------------------------X

<u>25</u> Civ. <u>02497</u> (JGK) (RFT)

~~PROPOSED~~ **CASE MANAGEMENT PLAN AND REPORT OF RULE 26(f) CONFERENCE**

## Court Expectations

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence.** Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

The letter motion for discovery (ECF 48) is GRANTED IN PART and DENIED IN PART, as set forth in the case management dates. The Parties' proposed case management plan is SO ORDERED with modifications to Paragraphs 7, 11, 12, 14, 15 as reflected herein.
The Clerk of Court is respectfully requested to terminate ECF 48.
Dated: December 01, 2025
     New York, NY

SO ORDERED

_____
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

*Revised April 18, 2024*

**Proposed Discovery Plan**

**In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on 11/24/2025 (at least one week before the Initial Case Management Conference) and are exchanging communications thereafter. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:**

1.    **Summary of Claims, Defenses, and Relevant Issues**

Plaintiff:
"Institute civil litigation to the sum of $10,000,000 for assault and battery, failure under 5th, 8th, 14th, Federal Jurisprudence US Cons., Deliberate indifference, careless disregard to provide safe and secure environment, failure to protect, properly search dorm area for contraband or weapons, failure to properly train, supervise, officers on watching troubled detainees, pain and suffering, intentional infliction emotional distress by failure to punish attacker, failure to create a policy asking inmates whether they feel threatened by others in a area where they can safely respond, failure to grant proper medical care and attention deliberate indifference under 8th amend. 5th, 14th US Cons. Medical Needs failure to protect from assault. Incident occurred on February, 25, 2025."

Defendant:
Defendants deny that they violated any of plaintiff's Constitutional rights, and contends that they acted reasonably and lawfully. Further, plaintiff failed to exhaust all administrative remedies under the PLRA.

2.    **Basis of Subject Matter Jurisdiction**

This action is brought pursuant to 42 U.S.C. Section 1983 for violations of plaintiff's rights under the Constitution of the United States.

3.    **Subjects on Which Discovery May Be Needed**

Plaintiff(s):    Medical records for the incident and my jaw surgery.

2

*Revised April 18, 2024*

Defendant(s):
Plaintiff's prior medical history, plaintiff's requests for assistance
and grievances, plaintiff's subsequent medical treatment.

4.   **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Plaintiff(s)* on 12/15/2025. In addition, on 12/15/2025, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was *disclosed by Defendant(s)* on 12/15/2025 . In addition, on 12/15/2025, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5.   **Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by 06/01/2026 . If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

*Revised April 18, 2024*

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a. Depositions: Depositions shall be completed by 6/1/26 and limited to no more than 10 depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b. Interrogatories: Initial sets of interrogatories shall be served on or before 12/15/2025. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c. Requests for Admission: Requests for admission must be served on or before 5/4/2026.

d. Requests for Production: Initial requests for production were/will be exchanged on 12/15/2025 and responses shall be due on 2/16/2026. All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e. Supplementation: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

   Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

   The parties do not anticipate any discovery disputes at this point and time. To the extent that disputes arise the parties will meet and confer, bringing it to the Court.

7. The parties shall file an **Joint** update on the status of discovery on [the following dates]: **January 20, 2026; February 20, 2026; March 20, 2026; April 20, 2026; May 20, 2026**

   Such update shall include: **Discovery completed in the prior period; any discovery problems; and discovery planned for the next period.**

*Revised April 18, 2024*

8.    **Amendments to Pleadings**

    a.    Are there any amendments to pleadings anticipated? YES

    b.    Last date to amend the Complaint:  2/1/2026

9.    **Joinder of Parties**

    c.    Are there other necessary parties that need to be joined? Y/N

    d.    Is joinder of other parties anticipated?_____.

    e.    Last date to join other _____.
    parties:1/15/2026

10.    **Expert Witness Disclosures**

At this time, the parties do, do not (circle one) anticipate utilizing experts. Expert

discovery shall be completed by n/a            .

11.    **Electronic Discovery and Preservation of Documents and Information**

    f.    Have the parties discussed electronic discovery?    No    .

    g.    Is there an electronic discovery protocol in place? If not, when the parties

    except to have one in place?    ~~1/15/2026~~ . **12/17/2025**

    h.    Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

    _____

    _____

    _____

    _____

    _____

12.    **Anticipated Motions**
    Defendants anticipate moving for summary judgment at the end of discovery.
**Any motions for summary judgment shall be filed within 30 days after the close of discovery; opposition papers shall be filed 60 days after any such motion is filed; and replies shall be filed 30 days after any such opposition papers.**

13.    **Certification of Completion of Discovery**

**One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

*Revised April 18, 2024*

14.     **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The

parties request a settlement conference/referral to Court-annexed mediation

(circle one); by no later than ~~Plaintiff requests a settlement conference by 12/29/2025.~~
~~Defendants believe plaintiff's proposed date is premature.~~
March 10, 2026. A settlement conference scheduling order will be filed separately.
The following information is needed before settlement can be discussed:
Plaintiff's signed medical release and corresponding medical records.

15.     **Trial**

a.     The parties anticipate that this case will be ready for trial by ~~8/16/2026~~
within 15 days after a decision on any summary judgment motion that leaves claims remaining and,
if no summary judgment motion is filed, within 21 days after the completion of all discovery.

b.     The parties anticipate that the trial of this case will require 3-5 days.

c.     The parties request a jury/bench (circle one) trial.

d.     The parties consent/do not consent (circle one) to Magistrate Judge jurisdiction

at this time.

16.     **Other Matters**

The parties are advised that they may consent to Magistrate Judge jurisdiction at any time
during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for
all purposes or specific dispositive motions, please utilize the consent form on Judge
Tarnofsky's Individual Practices Webpage.

Respectfully submitted this 26 day of November , 20 25 .

Shaun Smith
_____
Counsel for Plaintiff(s)

Jonathan G. Klobus
_____
Counsel for Defendant(s)