UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN SMITH,

Plaintiff,

-against-

MUNICIPALITY OF THE CITY, et al.,

Defendant.

25-CV-2497 (JGK) (RFT)

**REPORT & RECOMMENDATION**

**TO THE HONORABLE JOHN G. KOELTL, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Defendants' motion to dismiss for failure to prosecute under Rule 41(b) and Rule 37 of the Federal Rules of Civil Procedure (ECF 71). For the reasons set forth below, I respectfully recommend that Your Honor should **GRANT** Defendants' motion to dismiss without prejudice to Plaintiff refiling his complaint.

## I.

## PROCEDURAL HISTORY

Plaintiff was a pretrial detainee at the North Infirmary Command ("NIC") on Rikers Island when he filed his pro se complaint on March 21, 2025 (ECF 1), alleging claims under 42 U.S.C. § 1983 for deliberate indifference to his safety and wellbeing arising out of an incident on March 1, 2025. The Court granted Plaintiff's request to proceed without prepayment of fees (ECF 8). Plaintiff filed an amended complaint (ECF 12) on May 20, 2025. On the same day, another inmate submitted an affidavit on Plaintiff's behalf. (*See* ECF 13, Decl. of Bennie Gibson.)

Your Honor referred the case to me on June 7, 2025 for general pretrial supervision. (*See* ECF 21, Order of Ref.)

I held a status conference on August 7, 2025, at which Plaintiff appeared. (*See* ECF 34, Aug. 7, 2025 Order.) Defendants timely filed their answer to Plaintiff's amended complaint on November 10, 2025. (*See* ECF 42, Order; ECF 44, Answer.) The parties jointly submitted a proposed case management plan on November 26, 2025 (ECF 47), which I issued with modifications on December 1, 2025 (ECF 49).

As part of discovery, on June 6, 2025, and again on November 26, 2025 and February 25, 2026, Defendants requested that Plaintiff sign HIPAA-compliant medical releases to obtain documents related to his alleged injuries. (*See* ECF 61, Defs.' Letter-Mot. at 2.) On February 27, 2026, Defendants filed a motion to compel Plaintiff to provide the executed release, which I denied without prejudice to renewal after Plaintiff was moved to another facility. (*See id.*; ECF 62, Mar. 2, 2026 Order.)

In a March 10, 2026 letter, Defendants informed me that Plaintiff had been transferred to the Orleans Correctional Facility ("OCF") in Albion, New York. (*See* ECF 63, Defs.' Letter.) I scheduled a telephonic conference for March 27, 2026 to discuss the progress of discovery (ECF 66).

Defendants reported that, during a telephone call between the parties on March 19, 2026, Plaintiff requested that Defendants send another copy of the blank HIPAA releases, which Defendants sent four days later; during the call, Plaintiff indicated that he intended to attend the conference scheduled for March 27, 2026. (*See* ECF 67, Status Report.) However, on the day of the scheduled conference, Plaintiff refused to attend, despite OCF being prepared to make

him available. (*See* ECF 69, March 27, 2026 Order.) I issued an order warning Plaintiff "that any future refusal to attend Court-ordered conferences m[ight] lead to a recommendation that this case should be dismissed for failure to prosecute" and rescheduled the telephonic conference for April 10, 2026 (*Id*.).

Plaintiff attended the rescheduled status conference on April 10, 2026; he said he planned to send Defendants executed HIPAA forms, and I scheduled another status conference for May 4, 2026. (*See* ECF 70, April 10, 2026 Order.) I ordered Defendants to mail Plaintiff another copy of the HIPAA forms and Plaintiff to promptly sign and send the forms back to Defendants, explaining that the case could not proceed until he did so. (*See id*.) Defendants complied on April 13, 2026. (ECF 71, Mot. To Dismiss at 2.)

Defendants filed a motion to dismiss for lack of prosecution on May 1, 2026 (ECF 71), because they had still not received the signed HIPAA forms from Plaintiff. On May 4, 2026, Plaintiff again refused to attend a scheduled status conference, despite OCF being prepared to make him available. (*See* ECF 73, May 5, 2026 Order.) In an order that was mailed to Plaintiff at OCF on May 6, 2026, I directed Plaintiff to file his response to Defendants' motion to dismiss for failure to prosecute by July 6, 2026. (*See id.*)

Plaintiff did not respond to the motion to dismiss. Nor has Plaintiff complied with my order to send Defendants executed HIPAA release forms. (*See* ECF 74, Status Update.) Defendants' motion to dismiss was thereafter referred to me for a report and recommendation. (*See* ECF 76, Am. Order of Ref.)

**II.**

**LEGAL STANDARDS**

A plaintiff has a general obligation to prosecute his case diligently, and "if he fails to do so, the Court may dismiss the action under Rule 41(b), for failure to prosecute." *Zapata v. Isabella Geriatric Ctr.*, No. 12-CV-0738 (ALC) (DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013), *report and recommendation adopted*, 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013); Fed. R. Civ. P. 41(b).[1] Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *Perez v. City of New York*, No. 19-CV-2351 (LAK) (OTW), 2022 WL 21781461, at *1 (S.D.N.Y. Aug. 10, 2022). While pro se litigants are typically granted leniency regarding procedural matters, "even pro se litigants must prosecute claims diligently, and dismissal is warranted where the court gives warning." *Costello v. Paramount Glob., Inc.*, No. 23-CV-1553 (LGS) (VF), 2025 WL 1042285, at *3 (S.D.N.Y. Jan. 14, 2025); *see also Mena v. City of New York*, No. 15-CV-3707 (ALC) (HBP), 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (noting that pro se plaintiffs are "not exempt from complying with court orders").

The Second Circuit directs district courts to consider five non-dispositive factors in weighing the propriety of a Rule 41(b) dismissal: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and

[1] Unless otherwise indicated, this report and recommendation omits internal quotation marks, citations, and alterations from quoted text.

protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

In *Romano v. Laskowski*, the Second Circuit issued a summary order providing guidance on the application of Rule 41(b): it reversed the district court's dismissal without prejudice for failure to prosecute, finding that, where a dismissal would render the claims untimely, a court must make a finding of "willfulness, bad faith, or reasonably serious fault" before dismissing for failure to prosecute under Rule 41(b). No. 22-CV-1896, 2024 WL 4635227, at *4-5 (2d Cir. Oct. 31, 2024).

Separately, under Rule 37, courts may "dismiss[ ] the action . . . in whole or in part" if a party fails to provide or permit ordered discovery. Fed. R. Civ. P. 37(b)(2)(A)(v). "[A] court must consider whether the party was warned, the duration of noncompliance, the efficacy of lesser sanctions, and the willfulness of the non-compliant party or the reason for noncompliance." *Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 357 (2d Cir. 2020). The five 41(b) factors can "provide a useful guideline in determining whether dismissal is an appropriate sanction pursuant to Rule 37." *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785 (GBD) (HBP), 2017 WL 1318005, at *4 (S.D.N.Y. Feb. 10, 2017) (noting the substantial overlap between factors relevant to Rules 41 and 37), *report and recommendation adopted*, No. 15-CV-2785 (GBD) (HBP), 2017 WL 1064712 (S.D.N.Y. Mar. 21, 2017).

**III.**

**DISCUSSION**

Due to Plaintiff's failure to file opposition papers and lack of communication with the Court, I deem Defendants' motion to dismiss to be fully briefed. *See Lemon v. Doe (1)*, No. 23-CV-4698 (KMK), 2025 WL 2084430, at *1 (S.D.N.Y. July 24, 2025) (deeming motion to dismiss fully submitted where pro se plaintiff failed to respond and communicate with the Court); *Mayo v. Reid*, No. 23-CV-9719 (PMH), 2024 WL 5158212, at *2 (S.D.N.Y. Dec. 18, 2024) (same); *Peachey v. Zayaz*, No. 23-CV-06409 (PMH), 2024 WL 4932527, at *1 n.2 (S.D.N.Y. Dec. 2, 2024) (same where pro se plaintiff failed to file opposition papers by the deadline). I consider the record of Plaintiff's compliance with Court orders based on governing and persuasive case law. *Cf. Mayo,* 2024 WL 5158212, at *3 (explaining that the Court may decide an unopposed motion to dismiss because "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law").

Defendants argue that Plaintiff's amended complaint should be dismissed for failure to comply with Court orders and participate in litigation. (*See* ECF 71, Mot. To Dismiss at 2.) Each of the five Rule 41(b) factors favors dismissal of Plaintiff's action under Rule 41(b) and Rule 37.

As to the duration of Plaintiff's failure to prosecute, Defendants correctly argue that Plaintiff's lack of action in response to Court orders to appear for status conferences and provide discovery has delayed the case for several months. (*See* ECF 71, Mot. To Dismiss at 2.) The Court has not received any communication from Plaintiff since April 10, 2026, nearly five months ago. Plaintiff has twice failed to attend a conference due to his own refusal – most

recently on May 4, 2026, more than four months ago – and he failed to file his opposition to the motion to dismiss two months ago, as ordered.

Plaintiff has not responded to Defendants' discovery requests, which Defendants first propounded in December 2025, even after my order in April 2026. (*See* ECF 74, Status Update.) Defendants argue, and I infer from the record of repeated requests and inaction, that this noncompliance is willful. (*See* ECF 71, Mot. To Dismiss at 3-4.) These delays and Plaintiff's failure to comply with three orders (ECF 66, 70, 73) over more than five months warrant dismissal under Rule 41(b). *See Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (finding a three-month delay sufficient to support dismissal of a pro se complaint); *Greene v. City of N.Y.*, No. 19-CV-0873 (ARR) (RER), 2020 WL 2840521, at *3 (E.D.N.Y. Apr. 23, 2020) (collecting cases dismissing for failure to prosecute following delays of five months or less), *report and recommendation adopted*, 2020 WL 2836785 (E.D.N.Y. June 1, 2020).

Relevant to the second factor, Defendants note that Plaintiff was warned of the consequences of failing to comply with my orders. (*See* ECF 71, Mot. To Dismiss at 2-3.) I admonished Plaintiff that future refusal to attend Court-ordered conferences could result in dismissal of his case (*see* ECF 69, March 27, 2026 Order), yet Plaintiff again refused to appear at the May 4, 2026 conference. (*See* ECF 73, May 5, 2026 Order.)

Additionally, Plaintiff was on notice that Defendants had filed a motion to dismiss for lack of prosecution and was directed to file a response by July 6, 2026. (*See* ECF 73, May 5, 2026 Order.) "Although no one [Rule 41(b)] factor is dispositive, inexcusable disregard for a judge's warning justifies dismissal, even when the delay is brief." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov.

8, 2000). All orders were mailed to Plaintiff, and his failures to appear were due to his own refusal, since the custodians at OCF were prepared to make him available.

As to the third factor, "[a]lthough there is no specific evidence on the record that delay will prejudice Defendant[s,] . . . [p]rejudice to defendants resulting from unreasonable delay may be presumed." *Farion v. Ezzo*, No. 19-CV-5477 (LJL), 2020 WL 5578294, at *1 (S.D.N.Y. Sept. 17, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *see also Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245 (PMH), 2023 WL 145521, at *2 (S.D.N.Y. Jan. 10, 2023) (finding plaintiff's delay inexcusable where he failed to comply with at least two orders and did not take steps to advance the case despite being ordered to do so).

With respect to the fourth factor, "the Court's interest in managing its docket is significant, as it would be unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket where plaintiff[ ] ha[s] made no effort to comply with the Court's orders or to prosecute this case." *Ungaro v. Aaron*, No. 24-CV-0339 (RA), 2024 WL 3678437, at *2 (S.D.N.Y. Aug. 5, 2024). There is no indication that Plaintiff intends to continue this action. *See Heendeniya,* 830 F. App'x at 358 n.3 ("[F]ailure to prosecute under Rule 41(b) can evidence itself . . . in an action lying dormant with no significant activity to move it."). Given that Plaintiff did not attend the most recent May 4, 2026 conference and his failure to provide signed HIPAA releases, despite my order noting that the case cannot proceed without them (*see* ECF 70, Order), it appears Plaintiff has no interest in pursuing the case further. "[A] failure to dismiss would likely leave the case pending for an indefinite time into the future . . . ." *Wilson v. Oxford Health Plans (N.Y.), Inc.*, No. 01-CV-3417 (MHD), 2002 WL 1770813, at *3 (S.D.N.Y. July 31, 2002).

And as to the fifth factor, a "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrate[s] that lesser sanctions would be ineffective." *Brow v. City of New York*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order). Defendants correctly argue that there is no basis to conclude that a lesser sanction would lead Plaintiff to comply with his obligations (*see* ECF 71, Mot. To Dismiss at 3): he refused to appear at two telephonic conferences that were intended to move the case forward; ignored Defendants' repeated requests and the Court's order that he provide HIPAA releases; and failed to file a response to Defendants' motion to dismiss by the July 6, 2026 deadline. "There is no reason for this case to languish on the Court's docket or to hang over the head of the Government if [Plaintiff] is unwilling or unable to prosecute it." *Dong v. United States*, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004).

Plaintiff might argue that leniency should be extended due to his pro se status and ongoing detention at OCF, both of which may make it more burdensome for Plaintiff to participate in litigation. *See Lewis v. City of New York*, 762 F. Supp. 3d 290, 300 (S.D.N.Y. 2025) (noting the Second Circuit's "standards of procedural leniency" toward pro se litigants); *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (same); *Satchell v. Dep't of Corr.*, No. 24-CV-1763 (LTS), 2026 WL 1696998, at *1 (S.D.N.Y. June 10, 2026) (granting extensions to a pro se plaintiff because "the facility where he was detained only mails out [five] letters a week").

However, pro se litigants still have an obligation to pursue claims diligently. *See Costello,* 2025 WL 1042285, at *3; *Mena,* 2017 WL 6398728, at *2. Plaintiff has been warned about the consequences of failures to comply with Court orders. (*See* ECF 69, March 27, 2026 Order.) And there is no indication that Plaintiff's detention was a barrier to his appearance at the

conferences scheduled for March 27 and May 4, 2026, since OCF custodians were prepared to make him available, but Plaintiff refused to attend. Plaintiff has never suggested that his detention is preventing him from taking steps to move the case forward.

Accordingly, I respectfully recommend that Plaintiff's complaint should be dismissed. Due to Plaintiff's pro se status and the fact that Plaintiff's conduct is not "particularly extreme or egregious," *Green v. City of Mount Vernon*, No. 22-CV-8554 (CS), 2026 WL 2185639, at *2 (S.D.N.Y. July 29, 2026), the "less drastic sanction" of dismissal without prejudice is warranted, *Campbell v. City of New York*, No. 21-CV-4056 (JLR), 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Green*, 2026 WL 2185639, at *2 (collecting cases dismissing pro se complaints without prejudice). Dismissal without prejudice would not render Plaintiff's claims under Section 1983 untimely, since the three-year limitations period will not expire until March of 2028, *see Romano*, 2024 WL 4635227, at *4-5.

**CONCLUSION**

For the foregoing reasons, I respectfully recommend that Your Honor should **GRANT** Defendants' motion to dismiss the case for failure to prosecute pursuant to Rule 41(b) and Rule 37 of the Federal Rules of Civil Procedure (ECF 71), without prejudice to Plaintiff refiling his complaint.

DATED: September 8, 2026
New York, New York

Respectfully Submitted,

**ROBYN F. TARNOFSKY**
United States Magistrate Judge

**NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

The parties shall have 14 days (including weekends and holidays) from service of this report and recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D) or (F)). Defendants shall file an affidavit of service on the docket the day that Defendants initiate service. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2). Such objections, and any response to objections, shall be filed with the Clerk of the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Koeltl.

FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), (d), 72(b); *Thomas v. Arn*, 474 U.S. 140, 145 (1985).