UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAUN SMITH,

Plaintiff,

- against -

MUNICIPALITY OF THE CITY, ET AL,

Defendants.

25-cv-2497 (JGK)

Memorandum Opinion and Order

**John G. Koeltl, District Judge:**

On May 1, 2026, the defendant moved to dismiss the plaintiff's pro se complaint based on the plaintiff's failure to prosecute this action pursuant to Federal Rule of Civil Procedure 41(b), and for sanctions pursuant to Federal Rule of Procedure 37. ECF No. 71. On September 8, 2026, Magistrate Judge Tarnofsky issued a Report and Recommendation recommending that the Court grant the defendant's motion to dismiss without prejudice. ECF No. 77. No objections have been filed, and the time for any objections has passed. See ECF No. 77.

The Court reviews the Report and Recommendation for clear error. See Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); accord Saladino v. Tufano, 828 F. Supp. 3d 359, 366 (S.D.N.Y. 2026); see also Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as

a waiver of any further judicial review of the magistrate's decision."); Costello v. Paramount Global, Inc., 23-cv-1553, 2025 WL 785165, at *1 (Mar. 12, 2025) ("[W]here no specific written objection is made, the district court can adopt the report without making a de novo determination." (quotation marks removed)).

To dismiss an action pursuant to Rule 41(b), a district court must consider: (1) "the duration of the plaintiff's failures"; (2) "whether [the] plaintiff had received notice that further delays would result in dismissal"; (3) "whether the defendant is likely to be prejudiced by further delay"; (4) "whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard"; and (5) "whether the judge has adequately assessed the efficacy of lesser sanctions." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

A district court may also dismiss an action pursuant to Rule 37(b)(2)(A)(v) if a party "fails to obey an order to provide or permit discovery," though the same factors for a Rule 41(b) dismissal operate as a "guideline in determining whether dismissal is an appropriate sanction pursuant to Rule 37." Hurley v. Tozzer, Ltd., No. 15-cv-2785, 2017 WL 1318005, at *4 (S.D.N.Y. Feb. 10, 2017).

Under either Rule, "the threshold for dismissal is heightened where a pro se litigant fails to satisfy procedural requirements" and warranted "only in extreme situations." Hedvat v. Rothschild, 175 F.R.D. 183, 188–89

(S.D.N.Y. 1997). "[T]he more the delay was occasioned by plaintiff's personal obstruction," however, "the more suitable the remedy of dismissal." Dodson v. Runyon, 86 F.3d 37, 40 (2d Cir. 1996).

There is no clear error in Magistrate Judge Tarnofsky's thorough analysis of these factors or in her ultimate recommendation to dismiss the plaintiff's complaint without prejudice. For more than five months, the plaintiff has refused to produce discovery, communicate with the defendant, respond to the defendant's motion to dismiss, or appear for status conferences, including the most recent one on May 4, 2026, despite the plaintiff's being incarcerated in a facility willing to produce him for that conference. Magistrate Judge Tarnofsky warned the plaintiff that the failure to attend conferences and produce discovery would result in dismissal of the action, but the plaintiff continued to fail to cooperate in the progress of this case. Magistrate Judge Tarnofsky also considered the presumption of prejudice afforded to the "defendants resulting from unreasonable delay," Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982), the likelihood that the plaintiff would not comply with a lesser sanction than dismissal, and the "standard of procedural leniency" afforded to pro se litigants like the plaintiff. See Lewis v. City of New York, 762 F. Supp. 3d 290, 300 (S.D.N.Y. 2025). Considering the totality of these circumstances, Magistrate Judge Tarnofsky recommended a sanction of dismissal without prejudice.

The sanction is a reasonable one in view of the plaintiff's conduct in this case. See, e.g., Feurtado v. City of New York, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) (holding dismissal warranted when pro se plaintiff failed to respond to the defendant's dispositive motion, produce discovery, or submit court-ordered pre-trial materials). Moreover, because the incident at issue in this case occurred on March 1, 2025, dismissal of this action does not foreclose the plaintiff from seeking relief related to that incident under 42 U.S.C. § 1983 in a new action, if the plaintiff so chooses and is prepared to pursue that litigation.

## CONCLUSION

The Magistrate Judge's Report and Recommendation is **adopted**. The plaintiff's complaint is **dismissed** without prejudice for failure to prosecute and failure to comply with an order to provide discovery. The Clerk is respectfully requested to mail a copy of this Order to the plaintiff, note mailing on the docket, and close this case.

**SO ORDERED.**

**Dated:** **New York, New York**
**September 25, 2026**

/s/ John G. Koeltl

**John G. Koeltl**
**United States District Judge**